UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MILAN SABO, | ) | |
| *Plaintiff,* | ) | |
| | ) | No.: 3:21-CV-00243 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| SARAH JOHNSON, | ) | Magistrate Judge H Bruce Guyton |
| | ) | |
| *Defendant.* | ) | |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss for failure to state a claim by Defendant, Sarah Johnson. (Doc. 7.) *Pro se* Plaintiff, Milan Sabo, has not filed a response to the motion, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a)(2).

To begin, Plaintiff failed to respond to Defendant's motion to dismiss, which the Court interprets as a waiver of any opposition to the motion. *See* E.D. Tenn. L.R. 7.2. Local Rule 7.2 provides that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." When a plaintiff fails to respond, "the district court *may* deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (Table) (emphasis added); *see Humphrey v. U.S. Attorney Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). However, the Court of Appeals for the Sixth Circuit has determined a district court abuses its discretion when it "dismiss[es] [a plaintiff's] complaint solely for his failure to respond to defendants' motion to dismiss." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the district court should evaluate the motion to determine whether the movants have met their burden. *Id.* at 454–55. Therefore, although Plaintiff has not responded, the Court will consider Defendant's motion on the merits.

## I. BACKGROUND[1]

Plaintiff brings his action under the Fair Debt Collection Practices Act ("FDCPA").[2] The complaint alleges that on or about July 11, 2020, Defendant Johnson served Plaintiff with a letter seeking collection of a debt. (Doc. 1 at 16.) The letter advised that Plaintiff owed Jackson's Crossing Homeowners Association, Inc. annual dues in the amount of $1,785.30. (*Id.*) The complaint asserts that Defendant "failed to notice Sabo of his rights under the FDCPA and his ability to dispute and filed a lien while ignoring the Fair Debt Collection Practices Act (FDCPA)." (*Id.* at 4.) The complaint further asserts that Defendant should know better than to take advantage of an ordinary person and asks for damages in the amount of $50,000 "as punitive and embarrassment to plaintiff." (*Id.*)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. In evaluating a motion to dismiss for failure to state a claim, a court must determine whether a plaintiff's allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Sufficient factual allegations are pleaded when a court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and there is "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether the complaint states a plausible claim on its face, a court must "draw on its judicial experience and common sense." *See id.* at 679.

---

[1] Because Plaintiff is pro se, the Court construes his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] 15 U.S.C. §§ 1692 et seq.

2

## III.  DISCUSSION

Defendant argues Plaintiff's FDCPA claim must fail because he has failed to allege facts sufficient to establish Defendant is a "debt collector" as defined in the FDCPA. (Doc. 8 at 4–5.)

Plaintiff's complaint alleges that the FDCPA applies to Defendant because she is a "licensed Tennessee attorney, willfully and with intent, disregarded the plaintiff's right to have the opportunity to discover the relevant facts concerning the alleged debt." (Doc. 1 at 11.)

The key definition here is whether Defendant when acting as an attorney "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). In *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995), the Supreme Court held that the term "debt collector" applied to a lawyer who "regularly engaged in the consumer debt collection activity."

The Court agrees with Defendant. Plaintiff has failed to establish how the FDCPA applies to Defendant. Defendant's status as a licensed attorney does not automatically qualify her as a debt collector. 15 U.S.C. 1692a(6). Nor does Plaintiff's submission of a single letter from Defendant requesting a debt be paid show how Defendant has "regularly engaged in the consumer debt collection activity" *Heintz*, 514 U.S. 292.

Furthermore, Plaintiff offers no specific factual allegations to support any of his legal theories. Rather, Plaintiff consistently, albeit in different ways, alleges without any further factual allegations that "[d]efendant did not give the plaintiff the opportunity to invoke his right to dispute the alleged debt." (Doc. 1 at 12.) These conclusory allegations are wholly insufficient to state a claim under any legal theory.

## IV. CONCLUSION

Accordingly, the Court will **GRANT** Defendant's motion to dismiss (Doc. 7) and **DISMISS** Plaintiff's claims.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**